UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00251-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

Petitioner Kevin White asks the Court to reconsider its order denying his motion to vacate his criminal sentence. Invoking the "mailbox rule," White claims that he mailed an amended motion to vacate from USP Leavenworth in Kansas on March 2, 2022; however, the Court has no record of receiving the filing.

**I.      Procedural history**

In February 2021, White pleaded guilty to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl. *United States v. Kevin White*, Case No. 4:19-cr-00961-SRC-4, Doc. 442. The Court sentenced White to a below-the-guidelines-range sentence of 120 months' imprisonment followed by three years' supervised release. *Id.* at Doc. 446. White did not file an appeal. Instead, on February 22, 2022, White filed a pro se motion to vacate his sentence under 18 U.S.C. § 2255.[1] Doc. 1.[2] On August 22, 2022, the Court denied White's motion and declined to issue a certificate of appealability. Docs. 9–10.

---

[1] White declares under penalty of perjury that he deposited his pro se a motion to vacate in the legal mail system on February 22, 2022. Doc. 1 at p. 12. The Court received his filing on February 28, 2022. *Id.* at p. 1. The Court accepts as true White's mailing date and treats the motion as filed as of that date.
[2] All remaining "Doc." numbers used in the "Procedural history" section are from *Kevin White v. United States*, Case No. 4:22-cv-00251-SRC.

On September 12, 2022, White filed a motion for reconsideration.[3] Doc. 13. White's motion asserts that he mailed an amended motion to vacate on March 2, 2022, from USP Leavenworth in Kansas. *Id.* White attaches a purported copy of his amended motion to vacate to his motion for reconsideration. Doc. 13-1.

## II.  Discussion

The United States opposes White's motion to reconsider, arguing that the Court should reject White's averment that he filed an amended motion in March 2022 as "incredible" and refuse to consider White's affidavit, filed pursuant to Rule 4(c) of the Federal Rules of Appellate Procedure, due to a lengthy and unwarranted delay. Doc. 15 at pp. 5–7. The United States argues that "[i]t is apparent that White is now trying to expand his allegations, having received an adverse ruling," and the Court should dismiss his additional claims as untimely. *Id.* at p. 8.

### A.  Timeliness of motion to reconsider

On August 22, 2022, the Court entered its Memorandum and Order denying White's motion to vacate. Doc. 9. Three weeks later, on September 12, 2022, White filed what he titles a motion for reconsideration but failed to cite to any authority that allows the Court to reconsider its judgment. Doc. 13. However, while the Eighth Circuit has discouraged the use of self-styled motions to reconsider, the Eighth Circuit typically construes such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment or order. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). The Eight Circuit has held that "when the motion is made in response to a final order .

---

[3] White declares under penalty of perjury that he deposited his pro se a motion for reconsideration in the legal mail system on September 12, 2022. Doc. 13 at p. 2. The Court received his filing on September 26, 2022. *Id.* at p. 1. The Court accepts as true White's mailing date and treats the motion as filed as of that date. *See United States v. Duke,* 50 F.3d 571, 575 (8th Cir. 1995) (holding that a defendant's motion for reconsideration "should be deemed timely served if it was delivered to prison authorities for mailing within the . . . time period of Fed. R. Civ. P. 59(e) . . . .")

. . Rule 59(e) applies." *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). As such, the Court construes White's motion for reconsideration as one timely brought under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

B.     **Filing date of amended petition**

White claims that he mailed an amended motion to vacate from USP Leavenworth in Kansas on March 2, 2022; however, the Court has no record of receiving the filing. Under the prison mailbox rule, a prisoner's pleading is deemed filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–76 (1988). "Under [Eighth Circuit] jurisprudence, a prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of Rule 4(c), whether he files a notice of appeal, a habeas petition, or a § 2255 motion." *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001); *see also Duke*, 50 F.3d at 575. Here, White bears the burden of proving his entitlement to benefit from the prison mailbox rule. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001).

Rule 4(c) of the Federal Rules of Appellate Procedure provides:

(1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) it is accompanied by:

(i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or

3

> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Fed. R. App. P. 4(c)(1). Similarly, Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

*Id.* In turn, 28 U.S.C. § 1746 provides that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> 
> . . .
> 
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

In compliance with both rules, and 28 U.S.C. § 1746, White's purported amended motion to vacate contains the following declaration:

> I KEVEN WHITE, DO DECLARE UNDER THE PENALTY OF PERJURY THAT I PLACED THE FORGOING § 2255 AMENDMENT AND MEMORANDUM OF LAW IN THE LEGAL MAILING SYSTEM HERE AT LEAVENWORTH BY HANDING IT TO STAFF ON THIS 2ND DAY OF MARCH, 2022, POSTAGE PRE-PAID AND PRE-AFFIXED, PURSUANT TO 28 U.S.C. § 1746.

4

Doc. 13-1 at p. 11.  While the United States argues that White's assertion is "incredible" and the Court should dismiss White's claims as untimely, White complied with the relevant rules by including a declaration, and the United States failed to provide any information that contradicts White's declaration that he mailed his amended motion on March 2, 2022.  Therefore, the Court finds that White is entitled to the benefit under the mailbox rule.

        C.       **Timeliness of amended § 2255 motion**

The applicable one-year limitation period for filing a § 2255 motion begins to run on the date on which the challenged judgment becomes final—the "conclusion of direct review or the expiration of the time for seeking such review." *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).  Here, the judgment against White became final on March 5, 2021, making the deadline for White to file a § 2255 motion March 5, 2022.  *See* Fed. R. App. P. 4(b)(1)(A).

White declared under penalty of perjury that he placed his original § 2255 in the prison mailing system on February 22, 2022.  Doc. 1 at p. 12.  The Court received White's original § 2255 motion on February 28, 2022.  *Id.* at p. 1.  White claims he mailed his amended § 2255 motion on March 2, 2022; however, the Court did not receive White's amended motion until September 26, 2022.  Doc. 13-1.  As explained above, Court finds that White's timely filed his amended § 2255 motion filed as of March 2, 2022, and timely filed his amended § 2255 motion within the one-year limitation period.  *See Gonzalez,* 565 U.S. at 137.  White did not need to seek leave to amend as he had 21 days to amend his motion as a matter of course under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within:  21 days after serving it[.]")  As such, the Court addresses the merits of White's motion.

### D.   Merits of amended § 2255 motion

In ground 1, White asserts that his counsel "was clearly ineffective in failing to do legal research and to know the law, most specifically as pertains to the case at bar." Doc. 13-1 at pp. 4–5. However, White simply makes the bald assertion without any support. Therefore, the Court denies White's first ground in his amended § 2255 motion. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.").

In ground 2, White argues—similar to his original § 2255 motion—that the indictment against him was improperly returned and the Court lacks subject-matter jurisdiction. Doc. 13-1 at pp. 6–7. Having considered the arguments in White's amended § 2255 motion, the Court again denies White's improper-indictment and lack-of-subject-matter-jurisdiction claims for the reasons set forth in its August 22, 2022 Memorandum and Order. *See* Doc. 9 at pp. 10–15.

In ground 3, White again asserts that his "counsel failed to research and know the law as it pertains to the case-at-bar." Doc. 13-1 at pp. 7–8. Here, White claims that his counsel told him that he could not get below a 10-year sentence unless he cooperated. *Id.* However, White claims that several of his co-defendants pleaded guilty to the same count with a mandatory minimum and received less than 10 years without cooperating. *Id.* White claims this proves that counsel failed to research and know the law. *Id.*

The Court finds that White's third ground lacks merit and denies it. As the Court has already concluded, White knowingly and voluntarily pleaded guilty. Doc. 9 at p. 16. While White had 10 co-defendants, White, Anthony Caldwell, and Maricus Futrell were the most—and equally—culpable. *United States v. Kevin White,* 4:19-cr-00961-SRC-4, Doc. 425 at p. 9. White, Caldwell, and Futrell all received sentences of at least 120 months. The other co-

6

defendants were less culpable and were able to secure plea deals that allowed them to plead guilty to a lesser-included offense included in Count 1 of the Indictment.  Hence, the other co-defendants did not have 10-year mandatory minimums.  The Court sentenced White to 120 months' imprisonment based upon White's conduct, culpability, and the Court's analysis of the 3553(a) factors, as explained on the record at White's sentencing. *United States v. White,* 4:19-cr-00961-SRC-4, Doc. 688.

In ground 4, White again claims that his counsel was ineffective because he did not spend enough time with him.  Doc. 13-1 at p. 7.  However, the transcript of the plea-and-sentencing hearing contradict White's assertion.  The Court asked White if he had an opportunity to: 1) read the entire plea agreement, 2) discuss the plea agreement with his attorney, and 3) have his attorney answer any and all questions he had about the plea agreement before he signed it. *Id.* at 11:19–12:4.  White responded with: "Yes, sir." *Id.* at 12:5.  When the Court asked if White read and discussed the presentence report with his attorney, White replied: "Yes, sir." *Id.* at 33:18–20.  When the Court asked if he had enough time to do that, White replied: "Yes, sir." *Id.* at 33:21–22.  Having thoroughly reviewed the record, including White's Guilty-Plea Agreement and the transcript of White's plea-and-sentencing hearing, the Court again finds that White knowingly and voluntarily pleaded guilty, and that White's assertion that counsel did not spend enough time with him both lacks merit and fails as a ground for relief.  As such, the Court denies ground 4.

In ground 5, White states "counsel was ineffective in cumulative."  Doc. 13-1 at p. 10. White goes on to explain that "this honorable court may find the errors alleged harmless—though Petitioner maintains otherwise—cumulative errors, while individually harmless, when considered together, can prejudice a defendant as much as a single reversible error and violate the defendants right to due process of law." *Id.*  The Court also denies this claim as White has

failed to show—singularly or cumulatively—that counsel's performance was deficient, or that any allegedly deficient performance prejudiced White's case. *See Strickland,* 466 U.S. at 687.

## III. Conclusion

The Court grants Petitioner Kevin White's [13] Motion to Reconsider. The Court deems White's Amended Motion to Vacate, Set Aside, or Correct Sentence as filed on March 2, 2022. The Court directs the Clerk of Court to detach Doc. 13-1 and file it on the docket as an Amended Motion to Vacate, Set Aside, or Correct Sentence filed on March 2, 2022. In light of White's Amended Motion, the Court vacates the Order of Dismissal issued on August 22, 2022, Doc. 10.

The Court finds that the record conclusively establishes that White is not entitled to relief and denies White's Amended Motion to Vacate, Set Aside, or Correct Sentence. The Court will issue an Order of Dismissal with this Memorandum and Order.

The Court further finds that White has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability will issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining a substantial showing is a showing the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings). Therefore, the Court does not issue a certificate of appealability

So Ordered this 2nd day of May 2023.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE